IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH BERNIER,** | : | |
| 25700 Farringdon Ave. | : | Case No. 1:21-cv-1302 |
| Euclid, OH 44132 | : | |
| | : | JUDGE |
| And | : | |
| | : | MAGISTRATE JUDGE |
| **DALTON JORDAN** | : | |
| 23954 Elm Rd. | : | |
| North Olmsted, OH 44070 | : | **Jury Demand Endorsed Hereon** |
| | : | |
| **Plaintiffs, for themselves** | : | |
| **and all others similarly situated,** | : | |
| | : | |
| v. | : | |
| | : | |
| **THE AMERICAN TANK &** | : | |
| **FABRICATING COMPANY,** | : | |
| c/o Registered Agent: Michael Ripich | : | |
| 12314 Elmwood Avenue | : | |
| Cleveland, OH 44111 | : | |
| | : | |
| **Defendant.** | : | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COME Plaintiffs Joseph Bernier and Dalton Jordan ("Plaintiffs" or "Named Plaintiffs"), on behalf of themselves and others similarly situated, and proffer this Complaint for damages against Defendant The American Tank & Fabricating Company ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

-1-

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiffs' claims arising under the law of the United States and over actions to secure damages and other relief.

3. This Court has jurisdiction over Plaintiffs' claims under the statutory law of Ohio and common law pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant is doing and has done substantial business in the Northern District of Ohio and Plaintiffs worked in and in the Northern District of Ohio.

## THE PARTIES

5. Plaintiff Joseph Bernier is an individual and a resident of the state of Ohio. Plaintiff Bernier resides in Cuyahoga County, Ohio.

6. Plaintiff Dalton Jordan is an individual and a resident of the state of Ohio. Plaintiff Jordan resides in Cuyahoga County, Ohio.

7. Defendant The American Tank & Fabricating Company is corporation for profit registered to do business in Ohio and conducts business in the Northern District of Ohio.

8. At all times relevant herein, Plaintiffs have been "employees" of Defendant as terms is defined in the FLSA and O.R.C. Chapter 4111.

9. Defendant is and has been an "employer" as that term is defined by the FLSA and O.R.C. Chapter 4111.

10. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

11. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has an annual gross volume of sales and/or business in an amount not less than $500,000.00.

12. Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and Plaintiffs have given written consent to bring this action to collect unpaid overtime and other compensation under the FLSA. The consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## FACTUAL BACKGROUND

**A.** **Defendant's Pay Practices**

13. Defendant is a metal fabricator that provides steel products and components to its clients.

14. Defendant's headquarters are located in Cleveland, Ohio. Defendant has operating locations in Cleveland, Ohio, Orrville, Ohio, and Manitowoc, Wisconsin.

15. Defendant employs Welders, Welder Fitters, Brake Press Operators, Laser Operators, Internal Logistics Associates, General Laborers, Fabricators, Painters, and other positions in its operating locations. These positions are all hourly paid and non-exempt.

16. Defendant employees approximately 300 or more hourly, non-exempt employees at its operating locations.

17. All Defendant's hourly, non-exempt employees, including the Named Plaintiffs, are required to clock-in and clock-out for their shift.

18. All Defendant's hourly, non-exempt employees, including the Named Plaintiffs, start and end their shift at the beginning of the hour or on the half hour, i.e., 6:00a.m. or 6:30a.m.

19. During the three years prior to filing this action, Defendant has maintained a practice of rounding its hourly, non-exempt employees' clock in and clock out times ("the Rounding Policy").

20. Defendant rounds to the nearest quarter of an hour, but always to the nearest quarter hour that favors the Defendant and not the employee.

21. Defendant's rounding policy violates the FLSA on its face and results in illegal rounding because it is consistently in favor of Defendant.

22. Defendant's unlawful rounding policy results in a systematic underpayment of hourly, non-exempt employees. Defendant consistently benefits from the unlawful rounding scheme while hourly, non-exempt employees are not paid for compensable time.

23. Defendant has actual or constructive knowledge that its rounding policy results in a systematic underpayment of hourly, non-exempt employees.

24. As a result of Defendant's improper rounding practice, Named Plaintiffs and other employees were not fully compensated for all the time they actually worked, including all of the overtime hours they worked over 40 in a workweek.

**B.     Named Plaintiffs' Employment Experiences**

25. Named Plaintiff Joseph Bernier began his employment with Defendant in or about October 2018 in the position of Welder. Named Plaintiff Bernier was employed until on or about March 22, 2021.

26. At all times relevant herein, Named Plaintiff Bernier was paid on an hourly basis.

27. Named Plaintiff Bernier's regular rate of pay began at $16.50 per hour and was $20.50 per hour at the end of his employment.

28. Named Plaintiff Dalton Jordan began his employment with Defendant in or about May 2017 in the position of Welder. Named Plaintiff Jordan was employed until in or about September 2019.

29. At all times relevant herein, Named Plaintiff Jordan was paid on an hourly basis.

30. Named Plaintiff Jordan's regular rate of pay was $17.50 throughout his employment with Defendant.

31. Named Plaintiffs and other hourly, non-exempt employees regularly worked more than 40 hours in a workweek during their employment with Defendants.

32. However, Named Plaintiffs and other hourly, non-exempt employees were not paid overtime compensation at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 in a workweek.

33. The Rounding Practice and the fact that it always favored Defendant was widely known and discussed at the facilities. Despite the knowledge of complaints regarding the Rounding Practice, Defendant did not change its practice.

34. Defendant refused to pay Named Plaintiffs and its other hourly, non-exempt employees in accordance with the FLSA and Ohio law.

## COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

35. All of the preceding paragraphs are realleged as if fully rewritten herein.

36. Named Plaintiffs brings their FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former hourly, non-exempt employees of Defendant who, during the past three (3) years, were subject to Defendant's Rounding Policy. (The "FLSA Class")

37. Named Plaintiffs and the SSPs were subject to the same payroll policies and practices. Specifically, Named Plaintiffs and the SSPs were not paid an overtime premium at a rate of one and one-half their respective regular rates of pay for all hours worked in excess of 40 during a workweek due to Defendant's unlawful rounding practice.

38. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Named Plaintiffs are representative of all SSPs and are acting on behalf of others' interests as well as their own in bringing this action.

39. These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and permitted to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

40. In addition to Named Plaintiffs, numerous SSPs have been denied proper overtime compensation due to Defendant's company-wide refusal to correctly pay overtime compensation.

41. Named Plaintiffs and the SSPs were paid on an hourly basis.

42. Named Plaintiffs and the SSPs were non-exempt employees.

43. Named Plaintiffs and the SSPs worked more than 40 hours per week.

44. Named Plaintiffs and the SSPs were not paid an overtime premium for all hours worked in excess of 40 in each workweek.

45. Defendant was aware that Named Plaintiffs and the SSPs regularly worked more than 40 hours per workweek, but were not receiving overtime compensation at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 per week.

46. Defendant's violation of the FLSA was willful, as Defendant knew or demonstrated reckless disregard as to whether it was required to pay Named Plaintiffs and the SSPs at an overtime premium at the employees' regular rate of pay for all hours worked in a workweek in excess of 40.

47. Accordingly, Named Plaintiffs and the SSPs were required to work more than 40 hours per week without proper overtime compensation. As a result, Named Plaintiffs and the SSPs have been damaged.

## COUNT II
### Class Action, Fed. R. Civ. P. 23; OMFWSA R.C. 4111, *et seq*. - Failure to Pay Overtime

48. All of the preceding paragraphs are realleged as if fully rewritten herein.

49. Named Plaintiffs bring this Ohio Minimum Fair Wage Standards Act ("MFWSA") claim pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following "Class":

> All current and former hourly, non-exempt employees of Defendant who, for the time period including two (2) years prior to the date of filing this Complaint through the date Class Certification is granted who were subject to Defendant's Rounding Policy. (The "Rule 23 Class")

50. Named Plaintiffs and the other Rule 23 Class members were not paid an overtime premium for all hours worked in a workweek in excess of 40.

51. The Rule 23 Class, as defined above, is so numerous such that joinder of all members is impracticable. The Rule 23 Class consists of more than 100 current and former

hourly employees who have not been paid an overtime premium for all hours worked in a workweek in excess of 40.

52. Named Plaintiffs are members of the Rule 23 Class and their claim for unpaid overtime wages is typical of the claims of other members of the Class.

53. Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

54. Named Plaintiffs have no interest antagonistic to or in conflict with interests of the Class that he is undertaking to represent.

55. Named Plaintiffs have retained competent and experienced class action counsel whom can ably represent the interests of the Rule 23 Class.

56. Questions of law and fact are common to the class, including:

   a. Whether Defendant violated the OMFWSA by failing to compensate, at an overtime premium, hourly employees for all hours worked in a workweek in excess of 40.

   b. Whether Defendant's Rounding Practice consistently resulted in the underpayment of hourly, non-exempt employees;

   c. Whether Defendant established its Rounding Practice, knowing the policy violated the law and failed to properly compensate hourly employees for all hours worked in a workweek in excess of 40 at an overtime premium;

   d. Whether Defendant's violations were knowing and willful;

   e. What amount of unpaid overtime compensation is owed to Named Plaintiffs and the other members of the Rule 23 Class as a result of Defendant's violation of the OMFWSA; and

f. What amount of prejudgment interest is due to the Rule 23 Class members on their unpaid overtime compensation, which was unlawfully withheld.

57. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its unpaid employees.

58. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Rule 23 Class as a whole.

59. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

60. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiffs and their counsel are not aware of any pending litigation on behalf of any the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their unpaid employees. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

61. For Defendant's violation of O.R.C. 4111, Named Plaintiffs are entitled to recover unpaid wages, prejudgment interest, post-judgment interest, attorneys' fees and costs, and all other remedies available under Ohio law.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs are entitled to and pray for the following relief:

A. As to Count I, certification as a collective action to all SSPs and appointment of Named Plaintiffs and their counsel to represent the FLSA Class; enter an order directing Defendant to pay into a common fund for the benefit of Plaintiffs and all other members of the FLSA Class the total amount of damages to which Plaintiffs and the class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA.

B. As to Count II, enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and designating the Named Plaintiffs as the Rule 23 Class Representatives, enter an order directing Defendant to pay into a common fund for the benefit of Named Plaintiffs and all other members of the Rule 23 Class the total amount of damages to which Named Plaintiffs and the Rule 23 Class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs of the litigation and administration of the common fund, and attorneys' fees, injunctive relief for

Defendant to cease violations of the Ohio Minimum Fair Wage Standards Act, and such other or additional relief deemed appropriate by the Court.

C. Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $100,000.00.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com*)*
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Kyle T. Anderson (0097806)
(Kyle@MansellLawLLC.com)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiffs*

## **JURY DEMAND**

Plaintiffs hereby requests a jury of at least eight (8) person

                                                /s/ *Greg R. Mansell*
                                                Greg R. Mansell (0085197)